**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Gilbert Louis CHAVARRIA,
Defendant-Appellant.**

**No. 26634.**

United States Court of Appeals,
Ninth Circuit.

June 2, 1971.

William James Zumwalt, San Diego, Cal., for defendant-appellant.

Harry D. Steward, U. S. Atty., Robert H. Filsinger, Chief, Criminal Division, Thomas M. Coffin, Asst. U. S. Atty., San Diego, Cal., for plaintiff-appellee.

Before DUNIWAY, CARTER, and HUFSTEDLER, Circuit Judges.

PER CURIAM:

Appellant Chavarria seeks reversal of his conviction of violating 18 U.S.C. § 2312 (transportation of a stolen motor vehicle in foreign commerce). Appellant's only argument is that certain inculpatory statements that he made to Mexican police were improperly admitted at his trial.

Chavarria and a companion transported a Cadillac automobile from Los Angeles to Mexicali. While in Mexico, they were detained for investigation by Mexican authorities who had observed them drop a syringe from the car. The Mexican police contacted the California Highway Patrol who informed them that the Cadillac had been stolen. The Mexican police then questioned Chavarria, and he confessed to stealing and transporting the car. Appellant claims that the admission of his confession to the Mexican police was error because the Mexican police did not give him the warnings required by Miranda v. Arizona (1966) 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694.

The record contains nothing tending to show that Chavarria's statement was in fact coerced. Therefore, to exclude this confession, he had to argue that the *Miranda* requirements are applicable to custodial interrogations performed by the police of foreign countries. We are convinced that they are not. The *Mi-*

*randa* warnings do not in themselves define the right against self-incrimination, and their absence does not preclude the use of the resulting confession under all circumstances. Harris v. New York (1971) 401 U.S. 222, 91 S.Ct. 643, 28 L. Ed.2d 1. *Miranda* was intended as a deterrent to unlawful police interrogations. When the interrogation is by the authorities of a foreign jurisdiction, the exclusionary rule has little or no effect upon the conduct of foreign police. Therefore, so long as the trustworthiness of the confession satisfies legal standards, the fact that the defendant was not given *Miranda* warnings before questioning by foreign police will not, by itself, render his confession inadmissible. United States v. Nagelberg (2d Cir. 1970) 434 F.2d 585; People v. Helfend (1969) 1 Cal.App.3d 873, 82 Cal.Rptr. 295.

The conviction is affirmed.