**Francis Xavier KILDAY, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

**No. 73–1418**

**Summary Calendar.** *

United States Court of Appeals, Fifth Circuit.

June 20, 1973.

* Rule 18, 5 Cir.; *see* Isbell Enterprises, Inc. v. Citizens Casualty Company of New

Francis Xavier Kilday, pro se.

John L. Briggs, U. S. Atty., Jacksonville, Fla., for respondent-appellee.

Before WISDOM, AINSWORTH and CLARK, Circuit Judges.

AINSWORTH, Circuit Judge:

Francis Xavier Kilday petitions under 28 U.S.C. § 2255 for vacation of a 10-year sentence imposed after a jury found him guilty of theft from a federally insured bank in violation of 18 U.S.C. §§ 371, 2113(b), 2314, aff'd, 5 Cir., 1971, 444 F.2d 220. Petitioner contends that the Argentina police interrogated him and searched his belongings without advising him of his constitutional rights enumerated in Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L. Ed.2d 694 (1966). The district court dismissed the petition for the stated reason that the "well-known *Miranda* warnings have no application when a suspect is being interrogated by a foreign police officer." We affirm.

Sometime during the night of January 8, 1969, $363,051.13 disappeared from the vaults of the Barnett Bank Facility at the United States Naval Air Station in Jacksonville, Florida. Kilday, formerly an employee of the Bank Facility, was apprehended in Argentina in February of 1969 by police in that country and

York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

was questioned at the police station by Angel Pelligrini, Chief of Interpol. Mr. Finnegan from the American Consulate was present as an interpreter. Kilday stated that his luggage contained no money and personally opened a suitcase with a screwdriver to allow an inspection. In the suitcase was approximately $16,700 which linked him to the theft.[1] At the trial, Pelligrini, now Police Commissioner of the Republic of Argentina, testified to Kilday's statements to him that the suitcase did not contain money, and also that Kilday in fact opened the suitcase with a screwdriver at which time the money was discovered.

Based on the Fifth Amendment right against self-incrimination, *Miranda* held that the prosecution may not use evidence stemming from custodial interrogation unless the use of procedural safeguards has been demonstrated. Prior to questioning a person must be warned that he has a right to remain silent, that any statement he makes may be used as evidence against him, and that he has the right to the presence of an attorney during interrogation. 384 U.S. at 444, 86 S.Ct. at 1612. But the United States Constitution cannot compel such specific, affirmative action by foreign sovereigns, so the policy of deterring so-called "third degree" police tactics, which underlies the *Miranda* exclusionary rule, is inapposite to this case. *See* United States v. Welch, 2 Cir., 1972, 455 F.2d 211; United States v. Chavarria, 9 Cir., 1971, 443 F.2d 904. Here the statements were not coerced, as revealed by testimony at the original trial which we have scrutinized. The evidence was therefore admissible. *See* United States v. Nagelberg, 2 Cir., 1970, 434 F.2d 585, 587 n. 1. *See generally* Bram v. United States, 168 U.S. 532, 542–543, 18 S.Ct. 183, 187, 42 L.Ed. 568 (1897); United States v. Dopf, 5 Cir., 1970, 434 F.2d 205, 207; Birdsell v. United States, 5 Cir., 1965, 346 F.2d 775, 782.

Affirmed.

[1] Kilday alleges that his brother planted the money to frame him, but the jury has already rejected that story.