**UNITED STATES of America**

v.

**Alberto FERNANDEZ–CARO.**

**Crim. No. L–87–266.**

United States District Court,
S.D. Texas,
Laredo Division.

Sept. 2, 1987.

---

894

Joe Sepeda, Asst. Public Defender, Laredo, Tex., for Fernandez–Caro.

Carlos Martinez, U.S. Atty., Laredo, Tex., for the U.S.

## MEMORANDUM AND ORDER

KAZEN, District Judge.

Pending is Defendant's motion to suppress. The evidence reveals that on July 15, 1987, United States Immigration officials obtained from United States Magistrate Notzon a search warrant to search Room 152 at the Border Inn in Laredo, Texas. This room was being rented by the Defendant. As a result of the search, the agents found two fraudulent rubber stamps, purporting to be those used for certain immigration purposes.

It is undisputed that the search warrant was based on representations to the Magistrate by United States officials that the Defendant had confessed to Mexican Federal Judicial Police (FJP) that these stamps were indeed in his hotel room in Laredo. A commandante of the FJP notified Oscar Garza of the United States Border Patrol about the confession late on the evening of July 14, 1987. Apparently the confession had just been given by the Defendant while in the custody of the FJP in Nuevo Laredo, Mexico. Defendant now seeks to suppress the fruits of the search.

It is undisputed that the confession was obtained from the Defendant by the FJP through the use of physical torture. The Defendant's undisputed evidence is that the police threatened to kill him, beat him about the face and body, poured water through his nostrils while he was stripped, bound and gagged, and applied electrical shocks to his wet body, among other things. The Government does not dispute this evidence. Indeed, Agent Garza confirmed that when the Defendant was physically delivered to American officials by Mexican officials, physical signs of abuse were readily apparent on Defendant's body. Under these circumstances, the motion is easily resolved.

Ordinarily the provisions of the Fourth Amendment to the United States Constitution do not apply to arrests and searches made by foreign authorities in their own country and in enforcement of foreign law. Similarly statements obtained by foreign officers conducting interrogations in their own nations have been held admissible despite a failure to give *Miranda* warnings to the accused. *United States v. Heller*, 625 F.2d 594, 599 (5th Cir.1980). Two exceptions to the general rule have long been recognized. One is that if American law enforcement officers participated in the foreign search or interrogation, or if the foreign authorities were acting as agents for their American counterparts, the exclusionary rule can be invoked. *United States v. Morrow*, 537 F.2d 120, 139 (5th Cir.1976), *cert. denied*, 430 U.S. 956, 97 S.Ct. 1602, 51 L.Ed.2d 806 (1977).

The first exception is inapplicable. While the Mexican officials had apparently been working closely with American officials concerning the immigration stamps in question as well as other immigration matters of interest to both countries, the Court concludes that no American officials participated in the abuse of the Defendant nor did they ask the Mexican officers to coerce information from him.

 There is, however, a second exception to the general rule. If the conduct of the foreign officers "shocks the conscience of the American court, the fruits of their mischief will be excluded." *Heller,* 625 F.2d at 599; *United States v. Morrow, supra; United States v. Hawkins,* 661 F.2d 436, 456 (5th Cir.1981), *cert. denied,* 456 U.S. 991, 102 S.Ct. 2274, 73 L.Ed.2d 1287 (1982). That exception clearly applies here. The conduct of the Mexican police officials violated even minimal standards of decency expected in a civilized society. Certainly the abuse of this Defendant exceeded the conduct which "shocked the conscience" of the United States Supreme Court in *Rochin v. California,* 342 U.S. 165, 72 S.Ct. 205, 96 L.Ed. 183 (1952). Even more than in *Rochin,* the methods employed here were "too close to the rack and the screw" to be acceptable. 342 U.S. at 172, 72 S.Ct. at 210.

The motion to suppress is GRANTED.