NUMBER 13-99-526-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


___________________________________________________________________


JOSE LUIS VILLASANA
, Appellant,


v.



THE STATE OF TEXAS
, Appellee.

___________________________________________________________________


On appeal from the 206th District Court


of Hidalgo County, Texas.


____________________________________________________________________


O P I N I O N


Before Justices Chavez, Rodriguez and Kennedy(1)


Opinion by Justice Kennedy


 Appellant was indicted for murder. He was convicted by a jury
and the jury set punishment at confinement for sixty years and a fine of
ten thousand dollars.

 The state's evidence was as follows: A witness, Hernandez,
testified that he drove the victim, Zamora, to appellant's house at
Zamora's request. Zamora got out of the car and went to appellant's
door. Hernandez saw a person come out of the house and start talking
to Zamora. Hernandez, who had been drinking, went to sleep in his car
and was awakened by a gunshot. He then saw Zamora's bloody body
on the ground. Appellant told Hernandez to get Zamora's body out of
there, but Hernandez was physically unable to do this.

 Another witness, Maria Martinez, who lived next door to the
shooting, was awakened by the shot. She saw the failed attempt of
Hernandez to move Zamora's body and saw appellant with a rifle in his
hand. She then saw appellant drive a car up to the body, attach a chain
to the feet, and drag the body away. The sheriff's office was notified
and, after a search, they found the body.

 Appellant's brief submits four points of error which will be
addressed in the order presented. His first point complains of the trial
court's denial of appellant's requests for charges on the lesser-included
offenses of aggravated assault, manslaughter, and negligent homicide
in it's charge to the jury. 

 A defendant is entitled to an instruction on a lesser-included
offense where the proof for the offense charged includes the proof
necessary to establish the lesser-included offense and there is some
evidence in the record that would permit a jury rationally to find that if
the defendant is guilty, he is guilty only of the lesser-included offense. 
Forest v. State, 989 S.W.2d 365, 367 (Tex. Crim. App. 1999). The
evidence must establish the lesser-included offense as a valid, rational
alternative to the charged offense. Id. at 367. The evidence in this case
(the autopsy report) shows that appellant fired a rifle through the
window of his house which struck his victim in the chest. There is no
evidence to the contrary. In order for appellant to be entitled to a jury
charge on involuntary manslaughter or criminally negligent homicide,
the record must contain some evidence that appellant did not intend the
resulting death or know that it was reasonably certain to occur. Jones
v. State, 963 S.W.2d 177, 180 (Tex. App. ­ Fort Worth 1998, pet.
ref'd.).

 In his brief, appellant quotes, verbatim, his argument to the trial
court in favor of a charge on lesser-included offenses. Included in the
argument is this statement:

 But the autopsy report which is in evidence and the
testimony of the ballistics report in evidence indicate that for
whatever reason, a round was fired, it hit part of the home
structure, however significant or insignificant, and it caused
the round to shatter, and that's why it had different
fragments.


If appellant is attempting to claim that there is evidence that appellant
shot at "part of the home structure" and the bullet ricocheted and hit
the victim, his theory has absolutely no support in the record. The only
home structure involved was a thin wire screen on the outside of the
window which appears to be a substitute for a window screen. We
overrule point of error number one.

 Appellant's second point of error is, "the trial court erred in
allowing the State to argue improperly over objection." In support of
this point, appellant quotes from the record a portion of the argument
of the prosecution, as follows:

 Now, what other things do we look at? Well, let me talk
about this now, and talk about why Mr. Villasana shot and
killed him. The defense is going to say, wait a minute. 
Where is the evidence that Mr. Villasana intentionally or
knowingly caused the death? Granted, there is no one who
can come here to tell you that he was there present when
Mr. Villasana pulled the trigger. But we know he pulled the
trigger because he had control of the weapon.


 And when you look at the jury charge, the court has defined
to you what intentionally and knowingly means. 
Intentionally means, it says, a person acts intentionally or
with intent with respect to a result of his conduct being
wanting to kill another human being, when it is his
conscious objective or desire to cause the result. Common
sense tells you, you have a weapon that's loaded, you point
it at another human being, you pull the trigger, what are you
intending to do?


Appellant then argues that "the State was not authorized to change the
law and his theory of the case as set out in the court's charge. It is
error to convict a person on a theory not alleged in the indictment."

 A specific intent to kill may be inferred from appellant's use of a
deadly weapon per se. A firearm, i.e., a rifle, is a deadly weapon per se. 
Jones, supra at 180.

 It is obvious that this point of error has no merit and we overrule
it.

 Points of error three and four allege error in not suppressing the
fruits of illegal searches of appellant's residence and his car. At a
hearing on a motion to suppress evidence, the trial court is the sole
judge of the weight and credibility of the evidence, and the trial court's
finding may not be disturbed on appeal absent a clear abuse of
discretion. Alvarado v. State, 853 S.W.2d 17, 23 (Tex. Crim. App.
1993). The facts alleged in the affidavits to obtain search warrants for
appellant's home and car are replete with facts concerning appellant's
observed movements in and out of his home, carrying a rifle, giving
orders to another person to remove the body, and dragging the body
from the premises. The affidavits also allege facts concerning the
sheriff's employee locating the car and ascertaining who the owner
was. The trial court did not err in overruling the motion to suppress the
fruits of either or both searches.

 We overrule points of error three and four and AFFIRM the
judgment of the trial court.

 NOAH KENNEDY

 Retired Justice


Do not publish
.

Tex. R. App. P. 47.3(b).


Opinion delivered and filed

this the 16th day of November, 2000.

 

1. Retired Justice Noah Kennedy assigned to this Court by the Chief
Justice of the Supreme Court of Texas pursuant to Tex. Gov't Code Ann.
§ 74.003 (Vernon 1998).