Reversed and Remanded and Memorandum Opinion filed November 4, 2004









Reversed and Remanded and Memorandum Opinion filed
November 4, 2004.

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-03-00903-CR

____________

 

JOSEPH DAVID MENA, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the County
Criminal Court at Law No. 7

Harris County, Texas

Trial Court Cause No. 1169356

 



 

M E M O R A N D U M   O P I N I O N

Appellant Joseph David Mena pleaded guilty
to the misdemeanor offense of possession of marijuana, and the trial court
placed appellant on six months’ deferred adjudication.  In a single point of error, appellant contends
the trial court erred in denying his pretrial motion to suppress because he did
not consent to the search.  We reverse
and remand.

On April 21, 2003, Officer Peter Bacon of
the Webster Police Department stopped a car because it had a defective
headlight and an expired registration. 
The car was occupied by appellant and three other males.  Officer Bacon discovered that only one
occupant had any form of identification and that the driver of the vehicle had
open warrants.








Another officer arrived as backup.  Because the two officers were outnumbered by
the occupants of the car, Officer Bacon conducted a pat down search for
weapons.[1]  During the search Officer Bacon found a
baggie of marijuana on one of the passengers, Larry King.  Officer Bacon then told all of the occupants
to remove their shoes.  Appellant did so,
and Officer Bacon discovered a baggie of marijuana inside appellant’s
shoe.  The driver was arrested based on
the open warrants, and appellant and King were arrested for possession of
marijuana.

Appellant moved to suppress the evidence,
arguing that he did not consent to the search of his shoes.  After the trial court denied his motion,
appellant pleaded guilty and was placed on six months’ deferred adjudication
community supervision. 

In his sole point of error, appellant
contends the trial court erred in denying his motion to suppress.  We review a trial court’s ruling on a motion
to suppress for an abuse of discretion.  Oles
v. State, 993 S.W.2d 103, 106 (Tex. Crim. App. 1999).  At a suppression hearing, the trial court is
the sole judge of the weight and credibility of the evidence, and the trial
court’s finding may not be disturbed on appeal absent a clear abuse of
discretion.  Alvarado v. State,
853 S.W.2d 17, 23 (Tex. Crim. App. 1993). 
In reviewing a trial court’s ruling on a motion to suppress, we afford
almost total deference to the trial court’s determination of the historical
facts that the record supports, especially when the trial court’s findings turn
on an evaluation of a witness’s credibility and demeanor.  Guzman v. State, 955 S.W.2d 85, 89
(Tex. Crim. App. 1997).  Although great weight should be given
to the inferences drawn by the trial judges and law enforcement officers,
determinations of probable cause should be reviewed de novo on appeal.  Id. at 87.








Both the United States and Texas
Constitutions protect citizens against unreasonable searches and seizures.  See U.S.
Const. amend. IV; Tex. Const.
art. I, § 9.  A warrantless search is per
se unreasonable, subject to certain exceptions. 
See United States v. Karo, 468 U.S. 705, 717 (1984); Reasor
v. State, 12 S.W.3d 813, 817 (Tex. Crim. App. 2000).  Freely and voluntarily-given consent is one
of the established exceptions.  Maxwell
v. State, 73 S.W.3d 278, 281 (Tex. Crim. App. 2002).  Whether consent is valid is a question of
fact to be determined from all of the circumstances.  Id. 
Among the factors to consider when determining whether consent is valid
are the following: (1) whether the consenting person is in custody; (2) whether
he was arrested at gunpoint; (3) whether he was informed that he did not have
to consent; (4) his age, intelligence, and education; (5) the constitutional
advice given to him; (6) the length of the detention; (7) the repetitiveness of
the questioning; and (8) the use of physical punishment.  Laney v. State, 76 S.W.3d 524, 532 (Tex.
App.—Houston [14th Dist.] 2002), aff’d, 117 S.W.3d 854 (Tex. Crim. App.
2003).  The United States Constitution
requires the State to prove the validity of the consent by a preponderance of
the evidence; the Texas Constitution requires the State to prove the validity
of the consent by clear and convincing evidence.  Maxwell, 73 S.W.3d at 281.

At the suppression hearing, the only evidence regarding the
search consisted of the offense report entered by Officer Bacon, to which
appellant and the State stipulated. 
Officer Bacon reported:

The last subject was identified as defendant, Joseph David
Mena, white male, 9/21/1985.  He appeared
to be very nervous.  I told him and the
other subjects to remove their shoes, a common place to secret [sic]
contraband.  Inside of Mena’s right shoe
was a large baggy of marijuana, 28 grams.








The State argues that appellant’s removal
of his shoes indicates consent.  However,
whether this consent was voluntary must be determined from the surrounding
circumstances.  Maxwell, 73 S.W.3d
at 281.  Compare Kendrick v.
State, 93 S.W.3d 230, 234 (Tex. App.—Houston [14th Dist.] 2002, pet. ref’d)
(holding acquiesence was voluntary based on circumstances of police request), with
Carmouche v. State, 10 S.W.3d 323, 333 (Tex. Crim. App. 2000) (holding
acquiescence was not voluntary based on circumstances of police request).  The evidence is silent as to the
circumstances surrounding the request—i.e., whether the officers had
their guns drawn, whether appellant was informed he did not have to consent,
whether he was advised of his constitutional rights, the length of the
detention, and the repetitiveness of the questioning.[2]  See Laney, 76 S.W.3d at
532.  Further, appellant had already been
subjected to an involuntary search, which may have led him to conclude that the
second search was not optional.  See
Carmouche, 10 S.W.3d at 333. Based on the evidence in the record and
giving deference to the trial court’s findings of historical fact, the State
did not prove the voluntariness of the search by clear and convincing
evidence.  See Maxwell, 73
S.W.3d at 281.

The State argues, in the alternative, that
the search was proper because of exigent circumstances.  We will uphold the trial court’s admission of
evidence if it is correct on any theory of law applicable to the case.  Romero v. State, 800 S.W.2d 539, 543
(Tex. Crim. App. 1990).  Another
exception to the per se unreasonableness of a warrantless search applies when
the search was based on probable cause and when exigent circumstances made the
procuring of a warrant impracticable.  McNairy
v. State, 835 S.W.2d 101, 106 (Tex. Crim. App. 1991).  Probable cause to search exists if the facts
and circumstances known to the officer would allow a person of reasonable
prudence to believe evidence of a crime will be found.  Id. 
Exigent circumstances may exist when the State shows that “the police
could have reasonably concluded that evidence would be destroyed or removed
before they could obtain a search warrant.”  Id. at 107.








The State argues that Officer Bacon had
probable cause to believe evidence of a crime would be found by the search
because (1) marijuana was found in King’s possession, (2) additional marijuana
was found, apparently also in King’s possession,[3]
and (3) appellant “appeared to be very nervous.”[4]  Such facts may be considered in determining
whether probable cause exists.  See,
e.g., Voelkel v. State, 717 S.W.2d 314, 316 (Tex. Crim. App. 1986)
(considering possession of marijuana by a companion in addition to other
factors); LeBlanc v. State, 138 S.W.3d 603, 608 (Tex. App.—Houston [14th
Dist.] 2004, no pet.) (considering nervousness in addition to other
factors).  However, we cannot say that
these facts standing alone lead to “a fair probability that contraband or
evidence of a crime will be found.”  Illinois
v. Gates, 462 U.S. 213, 238 (1983). 
Thus, the State did not prove that Officer Bacon had probable cause to
search appellant.  See McNairy,
835 S.W.2d at 106.

Accordingly, we sustain appellant’s point
of error, reverse the judgment of the trial court, and remand the cause to that
court for further proceedings consistent with this opinion.

 

 

/s/      Leslie Brock Yates

Justice

 

 

Judgment
rendered and Memorandum Opinion filed November 4, 2004.

Panel consists
of Justices Yates, Fowler, and Guzman.

Do Not Publish
— Tex. R. App. P. 47.2(b).











[1]  The propriety
of that search is not questioned.





[2]  The parties
did stipulate that appellant was seventeen years of age at the time of the
arrest and had obtained his GED, factors to be considered when evaluating
whether consent was voluntary.  See
Laney, 76 S.W.3d at 532.  However,
appellant’s age and education do not weigh in favor of considering his consent
voluntary.





[3]  Although the
record does not expressly state the additional marijuana was found in King’s
possession, the offense report indicates it was found during Officer Bacon’s
search of King.  Officer Bacon reported:

While checking the right, rear passenger, I found a large tight bulge
in the right leg cargo pocket of his pants. 
Based on playing field [sic], my experience led me to
believe that the item was a baggy of marijuana. 
I recovered the item and found that it was indeed a baggy of marijuana,
17 grams.  I, also, removed a Philly’s
blunt brand cigar box that contained a marijuana blunt cigar and a pack of
rolling papers.  The subject was
identified as defendant, Larry Franklin King, Jr., white male, 7/18/1984.

King was also the only person arrested for
marijuana possession other than appellant.





[4]  The State also
points out that (1) the officers were outnumbered, (2) the officers had already
conducted a search for weapons, and (3) drug offenders commonly conceal
contraband in their shoes.  We conclude
that the factors are not relevant to a probable cause determination in this
case.