## COMMONWEALTH vs. JOSEPH H. WALLACE.

Franklin. April 7, 1969. — June 2, 1969.

Present: WILKINS, C.J., SPALDING, CUTTER, KIRK, & SPIEGEL, JJ.

*Search and Seizure. Constitutional Law,* Search and seizure, Admissions and confessions, Assistance of counsel. *Practice, Criminal,* Assistance of counsel, Appeal. *Evidence,* Admissions and confessions.

Upon an indictment for offences committed in Massachusetts, where it appeared at a pre-trial hearing of a motion to suppress that the defendant had been arrested and searched in a foreign nation by police of that nation and the record did not show that the defendant had been deprived of any of his rights under the foreign law, it was held that there was no error in a denial of the motion as applied to a watch found in the search and that the watch was rightly received in evidence at the trial, even though the arrest and search were made in circumstances which would have violated the defendant's rights under the Fourth Amendment to the Constitution of the United States if the arrest and search had been made in the United States. [95]

Upon an indictment for offences committed in Massachusetts, where it appeared at a pre-trial hearing of a motion to suppress that upon the defendant's arrest in a foreign nation by police of that nation he was informed that he did not have to say anything and that anything he said could be used against him, and that he voluntarily made inculpatory statements to the foreign police, and the record did not show that he had been deprived of any of his rights under the foreign law, it was held that there was no error in a denial of the motion as applied to such statements and that they were rightly admitted in evidence at the trial, even though the full warnings required by *Miranda* v. *Arizona,* 384 U. S. 436, were not given to the defendant before he made the statements and they would not have been admissible at the trial if the interrogation had been by police in the United States. [96–97]

INDICTMENT found and returned in the Superior Court on September 13, 1966.

A motion to suppress was heard by *Tisdale*, J., and the case was tried before *Taveira*, J.

*Reuben Goodman* for the defendant.

*Stanley L. Cummings*, Assistant District Attorney, for the Commonwealth.

SPALDING, J. In a trial conducted pursuant to G. L. c. 278, §§ 33A–33G, the defendant was convicted under an indictment containing two counts. One charged breaking and entering in the nighttime with intent to commit a felony (G. L. c. 266, § 16), and the other charged stealing in a building (G. L. c. 266, § 20). The defendant appealed. The offences were alleged to have been committed in Greenfield, Massachusetts.

Prior to the trial a hearing was held on the defendant's motion to suppress, at which there was evidence of the following: The defendant was arrested in Montreal, Canada, around 2 A.M. on May 10, 1966, as he approached an automobile lent to him by one Kirkpatrick. The arrest was made on the basis of a teletype request from police in a nearby town to detain the automobile and its occupant, because there was a warrant outstanding for the arrest of Kirkpatrick. The defendant was taken to a police station, where he was searched. The police found somewhat more than $1,000 in American money and a watch which he had been wearing. As one of the officers began to count the money, he noticed that the defendant had taken the watch from the table and put it in his pocket. The defendant was then searched again, and the watch was taken from him. The watch still had both its serial number and a price tag of $325 on it.

About one-half hour after the arrest, the Montreal police learned that the defendant was not wanted in connection with the automobile or Kirkpatrick's activities. Because of the large amount of money in the defendant's possession, together with his conduct relating to the watch, the police held him for investigation. The defendant gave conflicting stories of how, when, and by what means he acquired possession of the watch. Upon further investigation the police learned that the watch had been stolen from a jewelry store

in Greenfield, Massachusetts, on May 7, 1966. A Green-
field police officer and a State police detective arrived in
Montreal around 6:30 P.M. on May 11, 1966, the day after
the defendant's arrest, and questioned him. Three separate
complaints filed by the Montreal police were subsequently
nol prossed to allow the defendant's extradition to this Com-
monwealth.

By his pre-trial motion the defendant sought to suppress
the watch and certain statements which he had made to the
Montreal and Greenfield police. The statements did not
constitute a confession but were in the nature of admissions
by reason of their inconsistency with other statements. The
judge sustained the motion in so far as it concerned any
statement made to the American police, because the de-
fendant had not been given all the warnings required by
*Miranda* v. *Arizona*, 384 U. S. 436.[1] However, the court
found that "there is nothing in the record to show that the
defendant was deprived of any of his rights under Canadian
law at any time after he was first taken into custody on
May 10, 1966, insofar as they relate to investigation and
interrogation concerning criminal charges eventually made
by the Canadian police against him for violations of Ca-
nadian law." The judge denied the motion to suppress the
watch and the statements made to the Canadian police.

The watch was introduced in evidence at the trial. A
Montreal police officer testified that the defendant had first
stated that he had bought the watch. The defendant testi-
fied that he had taken the watch as security for a loan of $75
and admitted that he had lied when he said that he had
bought the watch. There was other evidence from which the
jury could have found that the defendant stole the watch
from the jewelry store in Greenfield.

The defendant argues only three points: the watch
should have been suppressed; the statements to the Ca-
nadian police should have been suppressed; and a pre-trial

---

[1] Although the statements were made prior to the date of the *Miranda* de-
cision, the trial took place after that date and thus was governed by *Miranda*.
See *Johnson* v. *New Jersey*, 384 U. S. 719.

identification by a clerk in the jewelry store "deprived the defendant of due process of law under the Fourteenth Amendment as applied in *Stovall* v. *Denno,* 388 U. S. 293."

1. There was no error in the denial of the motion to suppress the watch; and it was rightly received in evidence. We assume in the defendant's favor that there was no probable cause to arrest him and therefore the arrest and the incidental search, if they had occurred in the United States, would have violated his Fourth Amendment rights. But this assumption is of no avail to the defendant, because in fact the arrest and search were made in Canada by Canadian police. The Fourth Amendment is designed to deter violations by Federal officials and, as incorporated by the Fourteenth Amendment (*Mapp* v. *Ohio,* 367 U. S. 643), violations by State officials. Neither amendment is directed at foreign police, and no purpose would be served by applying the exclusionary rule, since what we do will not alter the search and seizure policies of the foreign nation. *Brulay* v. *United States,* 383 F. 2d 345 (9th Cir.), cert. den. 389 U. S. 986. See *United States* v. *Stonehill,* 274 F. Supp. 420 (S. D. Cal.); *Robson* v. *United States,* 279 F. Supp. 631, 634 (E. D. Pa.); *People* v. *Kelley,* 66 Cal. 2d 232, 250.

2. We now turn to the question whether the statements made by the defendant to the Montreal police should have been suppressed. At the pre-trial hearing on his motion to suppress the defendant testified that on the morning of May 10, 1966 (the date of his arrest), he asked to be allowed to call his attorney. A Montreal police officer testified that the defendant was not permitted to make such a call, and did not see an attorney, until the following afternoon. The officer also testified that he informed the defendant that he did not have to say anything and that anything he said could be used against him; apparently, however, the defendant was not told he had a right to see a lawyer.

The defendant urges that in these circumstances the admission in evidence of his statements violated his rights under the Fifth and Fourteenth Amendments. We assume that the statements would not have been admissible if the

questioning had been done by police in this country. *Miranda* v. *Arizona,* 384 U. S. 436, 474. The issue is whether this case applies to questioning carried out by foreign officials in a foreign country.[2]

In *Bram* v. *United States,* 168 U. S. 532, the defendant had been interrogated in Canada by a Canadian police officer concerning a crime committed on an American ship on the high seas. Statements made by the defendant were later introduced at his trial. The Supreme Court stated that "wherever a question arises whether a confession is incompetent because not voluntary, the issue is controlled by . . . the Fifth Amendment." *Bram* v. *United States, supra,* 542. Although there was no other discussion on the point, the court, in ruling that the defendant's statements were inadmissible, implicitly held that the test of voluntariness applied to confessions made to foreign police in a foreign country.

It does not necessarily follow, however, despite the defendant's argument to the contrary, that statements made to the foreign police now may not be admitted unless the full *Miranda* warnings were given. We are of opinion that the statements made to the Canadian police were admissible. In *Johnson* v. *New Jersey,* 384 U. S. 719, the Supreme Court, in holding that *Miranda* is not to be applied retroactively, stated that a constitutional rule is not to be applied retroactively if it does not significantly enhance the reliability of the fact finding process. Pp. 727–728. The opinion emphasized that one of the major purposes of the *Miranda* warnings was to set guidelines to control the activities of police officers and that this purpose would not be aided by applying the case retroactively. P. 734. Similarly, applying the *Miranda* rule to foreign police officers will not affect

---

[2] The judge at the pre-trial hearing concluded that the record showed no violation of the defendant's rights under Canadian law. Although the defendant contended otherwise at the trial, he does not so argue here. We do not treat the one sentence suggestion in a footnote in his brief as amounting to an argument. *Lolos* v. *Berlin,* 338 Mass. 10, 14. We thus need not decide whether it would make any difference if in fact the defendant's rights under Canadian, as well as American, law were violated.

their conduct, and therefore we decline to so extend the scope of that decision. We hold that statements voluntarily made to foreign police, like such statements made to private citizens in this country (*Commonwealth* v. *White*, 353 Mass. 409, 414–417), are admissible even if the *Miranda* warnings were not given. We are of opinion that the statements under consideration were voluntary.

We recognize that in a somewhat analogous situation at least one other court, in considering the nature of the constitutional rights dealt with in the *Miranda* and *Johnson* line of cases, reached a conclusion opposite to ours. In *People* v. *Kelley*, 66 Cal. 2d 232, the Supreme Court of California concluded that statements made by the defendant to military police, rather than to foreign police, were not admissible because the defendant had not been given the full *Miranda* warning. See *United States* v. *Miller*, 261 F. Supp. 442 (D. Del.). In so doing, the court relied on *Elkins* v. *United States*, 364 U. S. 206, which held that evidence obtained by the State officers, which, had it been obtained by Federal officers, would have violated the Fourth Amendment, could not be introduced in a Federal court. P. 223. We are not disposed to apply the *Elkins* case here, however, for it was based not on constitutional grounds but rather on the court's supervisory power over the Federal courts. P. 214. Moreover, it has been held that the *Elkins* decision does not apply to a search by foreign officials which violated the Fourth Amendment. *United States* v. *Stonehill*, 274 F. Supp. 420, 426 (S. D. Cal.) (evidence resulting from illegal search made in the Philippines which would also have been illegal in the United States held admissible).

3. The defendant's remaining argument is that the pretrial identification by the jewelry clerk deprived the defendant of due process of law under the Fourteenth Amendment as applied in *Stovall* v. *Denno*, 388 U. S. 293. This matter was not made the subject of an assignment of error and brings nothing to this court for review. *Commonwealth* v. *Chester*, 337 Mass. 702, 703, and cases cited.

*Judgments affirmed.*