**UNITED STATES of America,
Appellee,**

v.

**Neely WELCH, Appellant.
No. 410, Docket 71–1653.**

United States Court of Appeals,
Second Circuit.

Argued Jan. 3, 1972.

Decided Feb. 2, 1972.

Thomas Day Edwards, New York City, for appellant.

William B. Gray, Asst. U. S. Atty., New York City (Whitney North Seymour, Jr., U. S. Atty., S.D.N.Y., and Richard J. Davis, Asst. U. S. Atty., New York City, of counsel), for appellee.

Before FRIENDLY, Chief Judge; MOORE and OAKES, Circuit Judges.

PER CURIAM:

Neely Welch appeals from a judgment of conviction for conspiring to possess, and for possessing and transporting in foreign commerce, a stolen United States Treasury Bill. The sole claim on this appeal is that the District Court erred in admitting certain exculpatory statements[1] made to a Bahamian police officer in the Bahamas. According to the appellant, the statements should have been excluded as he did not have the benefit of the full *Miranda* warnings. We disagree.

The appellant was arrested on May 1, 1970, at a branch of The Chase Manhattan Bank in Nassau, Bahamas, where he was attempting to deposit a $1 million United States Treasury Bill which had been stolen from another branch of the same bank in New York City. The arresting officer was the Assistant Police Commissioner of the Royal Bahamas Police Force. Accompanying the Assistant Commissioner was a Special Agent of the F.B.I.

Immediately following the arrest, the appellant was taken to police headquarters. There, in the presence of the Special Agent, the Assistant Commissioner, in compliance with Bahamian law, warned the appellant that:

" . . . he was not obliged to say anything unless he wished to do so, but whatever he do [sic] say would be down in writing and may be given in evidence against him." (Trial Trans. p. 135).

Then, in response to questions by the Bahamian police officer, the appellant

---

1. In substantial part the statements paralleled the appellant's defense at trial. During the interrogation and at trial the appellant contended that he had won the Treasury Bill in a "crap" game. The main discrepancy between the statements and the appellant's defense involved the alleged date of the "crap" game. His statements during the interrogation indicated that he had won the Treasury Bill in August or September of 1969. Evidence at the trial established that he could not have possessed the Bill during those months.

made the exculpatory statements here in question.[2]

 At issue is the question of whether a statement made during a custodial interrogation to a foreign police officer in a foreign jurisdiction is inadmissible in a criminal prosecution in a United States court because the suspect was not given the *Miranda* warnings. Courts which have considered this question have answered it in the negative.[3] These courts have reasoned that since the *Miranda* requirements were primarily designed to prevent United States police officers from relying upon improper interrogation techniques and as the requirements have little, if any, deterrent effect upon foreign police officers, the *Miranda* warnings should not serve as the *sine qua non* of admissibility. We find this proposition fundamentally correct.

Whenever a court is asked to rule upon the admissibility of a statement made to a foreign police officer, the court must consider the totality of the circumstances to determine whether the statement was voluntary. If the court finds the statement involuntary, it must exclude this because of its inherent unreliability, as in Bram v. United States, 168 U.S. 532, 18 S.Ct. 183, 42 L.Ed. 568 (1887). There was no basis for such a finding here.

We have no occasion here to decide whether exclusion would be demanded if United States police officers simply used foreign police officials as instruments, assuming such a case could ever arise. Here the Bahamian police presumably had an interest of their own in this at-

tempt to pass stolen property in the Bahamas. There would thus be no basis for finding that the F.B.I. was simply utilizing the Bahamian police to evade *Miranda* or for directing a remand for the taking of further evidence on that issue as the defendant seeks.[4]

Affirmed.

---

2. After the Assistant Commissioner completed his interrogation, the Special Agent gave the appellant the full *Miranda* warnings and proceeded to ask additional questions. The appellant reiterated and expanded upon his former exculpatory statements. As we find the earlier statements admissible, the subsequent statements were also admissible.

3. *See, c. g.,* United States v. Chavarria, 443 F.2d 904 (9th Cir. 1971) ; United States v. Nagelberg, 434 F.2d 585, 587, n. 1 (2d Cir. 1970), cert. denied, 401 U.S. 939, 91 S.Ct. 935, 28 L.Ed.2d 219 (1971) ; Commonwealth v. Wallace, 356 Mass. 92, 248 N.E.2d 246 (1969).

4. Birdsell v. United States, 346 F.2d 775, 782 n. 10 (5th Cir.), cert. denied, 382 U.S. 963, 86 S.Ct. 449, 15 L.Ed.2d 366 (1965) ; *Nagelberg, supra,* 434 F.2d at 587 n. 1. *See also,* Elkins v. United States, 364 U.S. 206, 80 S.Ct. 1437, 4 L.Ed.2d 1669 (1960).