Ignacio Abel **RAMOS,** Appellant,

v.

The **STATE** of Texas, Appellee.

No. 04–97–00466–CR.

Court of Appeals of Texas, San Antonio.

Jan. 14, 1998.

*General Brick Sales, Inc.,* 818 S.W.2d 896, 897–98 (Tex.App.—Forth Worth 1991, no writ).

Vincent D. Callahan, San Antonio, for Appellant.

Edward F. Shaughnessy, III, Asst. Crim. Dist. Atty., San Antonio, for Appellee.

Before HARDBERGER, C.J., and RICKHOFF and DUNCAN, JJ.

## OPINION

HARDBERGER, Chief Justice.

### INTRODUCTION

In June 1997, appellant, Ignacio Abel Ramos, entered into a plea bargain agreement with the State on two charges: capital murder, for the drive-by shooting of a one-year-old child, and murder, for the shooting death of a young woman. Ramos was given a life sentence on the first charge and a sentence of twenty years on the second, the sentences to run concurrently. Ramos appeals the trial court's decision to overrule two pretrial motions: (1) a motion to quash the indictment, and (2) a motion to suppress the statement Ramos made to police. We affirm the judgment.

### DISCUSSION

In Ramos's first point of error, he asserts that the indictment for the murder of one-year-old Rocque Aragon was unconstitutional. Ramos was charged with capital murder under Texas Penal Code 19.03(a)(8), which makes the killing of a child under six a capital offense, punishable by death or life imprisonment. TEX. PEN.CODE § 19.03(a)(8) (Vernon 1994). Ramos claims that because the indictment did not allege that he knew his victim was under six, he has in essence been held to strict liability standards for his crime. *Compare id.* at 19.03 (individual commits capital murder if he or she knows the victim is a peace officer).

This court addressed this issue in *In the Matter of M.A.,* 935 S.W.2d 891 (Tex. App.—San Antonio 1996, no pet. h.). In that case, we held that the plain language of 19.03(a)(8) suggests that no knowledge requirement exists, beyond the requirement that the defendant knowingly killed the victim, to find a person guilty under this provision. *M.A.,* 935 S.W.2d at 894; *see also McCollister v. State,* 933 S.W.2d 170, 172 (Tex.App.—Eastland 1996, no pet. h.). We found further that this lack of a specific intent to kill a person under six years of age does not cause the indictment to be constitutionally infirm. The knowledge requirement in the capital murder statute satisfies the culpability requirement. *Id.* at 895. On this reasoning, we overrule Ramos's first point of error.

In his second point of error, Ramos claims that the trial judge erred in refusing to suppress his statement regarding the death of Aragon. Ramos made this statement shortly after he was arrested for a previous murder. Although Ramos was seventeen at the time of the arrest, he was under seventeen when the first murder was committed, and police accordingly arrested him on a juvenile warrant. He claims that, because he was arrested as a juvenile, he should have been given the admonishments required for juveniles by the Texas Family Code. *See* TEX. FAM.CODE ANN. § 51.095(B)(i) (Vernon Supp.1998). This provision requires that juveniles sign their statements in the presence of a magistrate, with no law enforcement officers or prosecutors present. *Id.* Ramos was admonished under the Texas Code of Criminal Procedure, and he made and signed his statement in the

presence of a Bexar County detective. *See* TEX.CODE CRIM. PROC. ANN. art. 38.22 (Vernon 1979 and Supp.1998) (containing no requirement that individual sign statement in front of magistrate).

 We believe the admonishments under the Code of Criminal Procedure were appropriate. Under the Family Code, a child is any individual who is ten years of age or older and under the age of seventeen *or* an individual who is seventeen years or older and under eighteen who is alleged or found to have engaged in delinquent conduct or conduct indicating a need for supervision *as a result of acts committed before becoming 17 years of age.* TEX. FAM.CODE ANN. § 51.02(2)(B) (Vernon 1996). The Family Code provision cited by Ramos details the procedures that must be followed when taking "the statement of a child." *See id.* at § 51.095(B)(i) (Vernon Supp.1998). These provisions could be construed to support Ramos's position. However, we believe this construction would require an overly technical reading of the code. The fairer interpretation is that, in order for the Family Code to be applicable, the statement must concern the acts that were committed when the defendant was a juvenile.

The court of criminal appeals has suggested that the determining factor of whether the Family Code or the Code of Criminal Procedure governs the taking of a statement is the age of the individual at the time the statement is made. *See Griffin v. State,* 765 S.W.2d 422, 427 (Tex.Crim.App.1989) (stating that Family Code applied because defendant was a juvenile *when she made her statement*). This approach is proper, since the obvious concern of the Family Code provision is to ensure that children are fully informed and not influenced into waiving their rights *when they are being interviewed by officers.* These concerns would not be as great when the individual has reached the age at which he or she may be punished as adults.

Because Ramos was seventeen at the time he was being questioned and because he was seventeen on the date Rocque Aragon was murdered, we find that the Texas Code of Criminal Procedure governed the taking of his statement.

Finding no error in the trial court's rulings, we affirm the judgment.