The State appeals from the trial court's order suppressing a statement from defendant Ricky Banks. The trial court suppresed the statement because, at the time of his arrest, Banks was 17 years old, and he was not advised of his juvenile-Miranda rights before the custodial interrogation that resulted in the statement, as required by Rule 11(B), Ala.R.Juv.P. The trial court suppressed Banks's statement based on Anderson v. State, [Ms. CR-95-0768, May 8, 1998] 729 So.2d 900 (Ala.Cr.App. 1998) and Young v. State, [Ms. CR-95-2195, October 2, 1998] 730 So.2d 1251 (Ala.Cr.App. 1998). Banks was charged with first-degree robbery, see §13A-8-41, Ala. Code 1975, a Class A felony, and first-degree burglary, see § 13A-7-5, Ala. Code 1975, also a Class A felony. *Page 372 
At a suppression hearing on October 9, 1998, the State called Maj. Ronald Docimo, an investigator with the Valley Police Department, as a witness. Maj. Docimo testified that, as part of an investigation into a robbery and a burglary, he interviewed Ricky Banks several times. On the first occasion, Maj. Docimo interviewed Banks at the Valley Police Department on June 9, 1998. Banks was not under arrest at the time of that interview. Maj. Docimo testified that not only was Banks advised of his juvenile-Miranda rights before that interview, but his mother was also present. At this interview Banks denied any knowledge of the robbery and the burglary. Later that same day, Maj. Docimo received a telephone call from Banks's mother. She told him that she had gathered all the young people suspected of being involved in the robbery and that she wanted him to talk to them. Maj. Docimo went to the Banks's home and after advising Banks of his juvenile-Miranda rights, took an exculpatory statement from him. Ms. Banks was also present on that occasion. By June 12, 1998, one of the other youths suspected in the robbery had made a statement implicating Banks in the robbery. That day, an arrest warrant was sworn out against Banks, charging him with first-degree robbery. Banks was arrested, booked on a charge of first-degree robbery, and incarcerated. Later that day, after Banks had been arrested and incarcerated, Maj. Docimo again interviewed Banks at the police station. This time, Maj. Docimo advised Banks of his Miranda rights before the interview, but he did not advise him of his juvenile-Miranda rights. Banks waived his rights and ultimately gave an inculpatory statement. When asked why he did not advise Banks of his juvenile-Miranda rights after he had done so twice previously, Maj. Docimo responded:
 "At the time he was arrested, I used the adult Miranda warning because he was arrested under adult charges. It was an error on my part."
(R. 16.)
An appeal to the Court of Criminal Appeals may be taken by the State from a pre-trial order of the circuit court suppressing a confession or admission in a felony case, upon a certification by the district attorney that the appeal was not brought for the purpose of delay and that the order, if not reversed on appeal, was fatal to the prosecution of the charge. Rule 15.7, Ala.R.Crim.P. In reviewing decisions of a trial court concerning a suppression of evidence, we apply a de novo standard of review when the evidence is not in dispute. State v. Hill, 690 So.2d 1201, 1203 (Ala. 1996). Because the evidence is undisputed, and the only quarrel is with the application of the law to the facts, we will review the evidence de novo, "indulging no presumption in favor of the trial court's application of the law to those facts." Stiles v. Brown,380 So.2d 792, 794 (Ala. 1980) (citations omitted). The trial court's ruling in this case was based upon its conscientious interpretation of this court's decisions in Anderson v. State, supra, and Young v. State, supra, as applied to undisputed facts[1]; the proper interpretation is a question of law. State v. Hill, 690 So.2d at 1204.
Section 12-15-34.1(a), Ala. Code 1975, states, in pertinent part:
 "Notwithstanding any other provision of law, any person who has attained the age of 16 years at the time of the conduct charged and who is charged with the commission of any act or conduct, which if committed by an adult would constitute [a Class A felony] shall not be subject to the jurisdiction of juvenile court but shall be charged, arrested, and tried as an adult . . ."
In Anderson, this court held that there was nothing in the language of § 12-15-34.1, *Page 373 
Ala. Code 1975, to support a contention that the juvenile-Miranda rights granted a child pursuant to Rule 11(B), Ala.R.Juv.P., are extinguished by the fact that a child was alleged to have committed one of the offenses enumerated in the statute. We noted that the language of § 12-15-34.1 did not divest a child of the protections afforded by Rule 11(B), nor did it change the statutory definition of "child." In Young, this court further held that, in applying the holding in Anderson, we would not burden a police investigator with having to decide whether a child should be treated as an adult or should be afforded his or her juvenile rights. We held that if the custodial interrogation was conducted before an arrest or formal charging for an offense enumerated in § 12-15-34.1, the juvenile-Miranda rights under Rule 11(B) should be afforded to the child. This court stated,
 "[Section 12-15-34.1, Ala. Code 1975,] does not state that a juvenile loses the right to be treated as a juvenile when an offense is alleged to have been committed, but when he or she is charged with one of the offenses enumerated in [§ 12-15-34.1.] In other words, the dissent incorrectly states that `[t]he language of the statute could not be clearer: anyone over 16 who commits any of the listed felony offenses is to be treated as an adult.' In fact, the language of this statute actually means that a person 16 years of age or older who is charged with any of the serious felonies listed is to be treated as an adult."
Young v. State, [Ms. CR-95-2195, October 2, 1998]730 So.2d 1251 (Ala.Cr.App. 1998) (emphasis original).
The record in this case reflects that, before Banks's third interrogation, a formal arrest warrant had been executed, charging Banks with the Class A felony of first-degree robbery. Thus, when Maj. Docimo advised Banks of his Miranda rights at the third interrogation, Banks had been arrested, booked, fingerprinted, and incarcerated on a serious felony charge enumerated in § 12-15-34.1. We hold that after Banks had been served with an arrest warrant for a Class A felony, he and the police were placed on notice that he was being charged with an offense for which, by law, he was to be treated as an adult. This holding is consistent with our holding in Young. We further hold that, under the circumstances of this case, at the point of his arrest for first-degree robbery pursuant to an arrest warrant, Banks lost the privileges and rights afforded juveniles under Rule 11(B), Ala.R.Juv.P., and was rightfully treated as an adult.[2] Therefore, Maj. Docimo did not err when he did not advise Banks of his juvenile-Miranda rights, but rather advised him of his Miranda rights as an adult. The trial court should not have suppressed the admission of Banks's statement on the grounds that he had been deprived of his juvenile-Miranda rights.
The order of the trial court suppressing the admission of Banks's statement dated June 12, 1998, is hereby reversed and the cause is remanded for proceedings consistent with this opinion.
REVERSED AND REMANDED.
McMillan and Fry, JJ., concur. Long, P.J., dissents with opinion in which Baschab, J., joins.
[1] We note that the trial judge was faced with a case of first impression in applying our holdings in Anderson and Young. We commend the trial judge for his careful analysis of our decisions and his decision to cautiously apply them to this situation.
[2] Because § 12-15-34.1(a), Ala. Code 1975, applies to any 16 year-old or 17-year-old youth "who is charged with the commission of any act or conduct" enumerated in the statute, it would seem this same rationale would apply where a police officer had made a warrantless arrest of a 16- or 17-year-old suspect for an offense enumerated in the statute.