I concur in the result reached by the majority. However, for the reasons stated in my dissent in State v. Banks, 734 So.2d 371
(Ala.Cr.App. 1999), I would also find that Wimberly's statement to investigators concerning the Dothan murder was, like his statement concerning the Kings' murders, inadmissible because he had not been advised of his juvenile Miranda rights at the time of his interrogation concerning that murder. Wimberly was, by statutory definition, a "child" when he made his statement to investigators concerning the Dothan murder. See Anderson v. State,729 So.2d 900 (Ala.Cr.App. 1998). Even though he had already been arrested for that murder when he made the statement, "he was, as a `child,' nonetheless entitled to be informed before making any statement that he had a right to communicate with his parent or guardian, as provided in Rule 11(B)(4), Ala.R.Juv.P." Banks, 734 So.2d at 375 (Long, P.J., dissenting).