BASCHAB, Judge.
The State appeals from the trial court’s order granting the appellee’s motion to suppress a statement he made to law enforcement officers about a robbery of a Domino’s Pizza delivery person.[1]
The trial court summarized the relevant facts from the suppression hearing as follows:
“Following a hearing, it is the finding of the Court [that] on January 19, 2002 the Defendant, along with other individuals, was detained for the purpose of questioning regarding [an attempted] robbery at the [local] Wal-Mart. Defendant, Joseph Earl Nelson, was provided the standard Miranda rights at the time of the detention. He was transported to the Russellville Police Department where he was again provided the standard Miranda and questioned. Subsequent to the provision of the statement, Defendant was arrested and charged with [Attempted] Robbery in the 1st Degree based on the incident at Wal-Mart.
“The next day local law enforcement learned that Defendant, Joseph Earl Nelson, could possibly be involved in another robbery involving a Domino’s Pizza delivery employee on January 14, 2002. Defendant was provided the standard Miranda and subsequently gave an incriminating statement. Thereafter, Defendant was- charged with Robbery 1st Degree based on the January 14, 2002 incident involving the Domino’s employee.
“It is undisputed that at all phases of the interrogation law enforcement utilized the standard, adult, Miranda warnings.”
(C.R. 35-36.) The evidence also showed that the appellee was 16 years old at the time of the offenses and at the time officers questioned him.
. When it. granted the appellee’s motion to suppress,, the trial court stated:
“[I]t is the finding of this Court that the juvenile Miranda or, as it is sometimes referred to, the Super Miranda, informing the juvenile that he could have contact with a parent or guardian was necessary. Clearly, evidence would indicate that there was contact between the Rus-sellville Police Department and the family of the juvenile. However, it is clear that Rule 11 of the Alabama Rules of Juvenile Procedure provides ‘that if the child’s counsel, parent, or guardian is not present, then the child has the right to communicate with them, and that, if necessary, reasonable means will be provided for the child to do so’. (Emphasis added). The child must be informed that he has the right to communicate with his family. Law enforcement electing to talk with a family member does not fulfill the requirement.
“Additionally, the State submitted the case of the State v. Banks 734 So.2d 371 (Al.Cr.App.1999) as authority justifying the utilization of the standard Miranda warnings. However, that case is distinguishable in that Mr. Banks was apprised of his juvenile Miranda right each time prior to his interrogation. Additionally, Banks’ mother was present at the interview. It was only after the child was arrested, and charged as an *1247 adult, that he was provided the adult Miranda warning. In the case at bar, the juvenile did not have a parent or guardian with him at the time of the interrogation. Additionally, the statements given form the basis of the subsequent arrest for Robbery 1st Degree in each incident.
“Therefore, it is ORDERED, ADJUDGED and DECREED that the statements given by the Defendant, Joseph Earl Nelson, in the referenced cases, ... [are] hereby suppressed.”
(C.R. 36-37.)
The State argues that the trial court erroneously granted the appellee’s motion to suppress the statement he made to law enforcement officers on the ground that the officers did not advise him of his juvenile-Miranda rights before they questioned him. It bases its argument on a contention that § 12-15-34.1, Ala.Code 1975, required that he be treated as an adult and on the fact that he had already been arrested for the attempted robbery at Wal-Mart. We addressed and rejected a similar argument in Wimberly v. State, 759 So.2d 568, 569-70 (Ala.Crim.App.1999), as follows:
‘Wimberly argues that the trial court erred by not suppressing Wimberly’s statement to police investigators concerning the King murders. Wimberly, who was 17 years old at the time of the interrogation, was advised of, and waived, his Miranda rights, but he was never advised of his juvenile Miranda rights before his interrogation. At the time of his interrogation concerning the murders of Max and Johneen King, Wimberly was under arrest and in custody for the Dothan murder. He was not under arrest for the murders of the Kings.
[[Image here]]
“Rule 11(B), Ala. R. Juv. P., enumerates the rights of a child who is in custody but who has not yet been questioned: It provides as follows:
“ ‘(B) Rights of the Child Before Being Questioned While in Custody. Before the child is questioned about anything concerning the charge on which the child was arrested, the person asking the questions must inform the child of the following rights:
“ ‘(1) That the child has the right to counsel;
“ ‘(2) That if the child is unable to pay a lawyer and if the child’s parents or'guardian have not provided a lawyer, one can be provided;
“ ‘(3) That the child is not required to say anything and that anything the child says may be used against the child;
“ ‘(4) That if the child’s counsel, parent, or guardian is not present, then the child has a right to communicate with them, and that, if necessary, reasonable means will be provided for the child to do so.’
“The State concedes that Wimberly was not advised of his ‘juvenile’ rights set out in Rule 11(B), but it argues that, under these circumstances, adult Miranda warnings were sufficient and any error resulting from the failure to advise Wimberly of his juvenile rights was harmless.
“We resolved this identical issue in Anderson v. State, 729 So.2d 900 (Ala. Cr.App.1998), and in Young v. State, 730 So.2d 1251 (Ala.Cr.App.1998). We held in Anderson that there was ‘nothing in the language of § 12-15-34.1 [the statute that enumerates those charges for which juveniles shall be “charged, arrested, and tried as an adult”], to support the state’s contention that the rights granted a child pursuant to Rule
*1248 11(B) are extinguished by the fact that a child alleged to have committed an offense enumerated in that-statute “shall be charged, arrested, and tried as an adult” and automatically subjected to the jurisdiction of the adult system.’ The language of § 12-15-34.1 does not divest the child of the protections afforded by Rule 11(B), and it does not change the statutory definition of ‘child.’ Because § 12-15-34.1 does not state that a juvenile loses the right to be treated as a juvenile when an offense is alleged to have been committed, but only when he or she is charged.with one of the offenses enumerated in § 12 — 15—34.1, to hold otherwise, as we noted in Young, would place upon police investigators at an interrogation the burden of deciding whether a child should be afforded the rights guaranteed by Rule 11(B) before any formal decision has been made as to whether the child will be arrested or charged with an offense for which he or she will be tried as an adult. We rely on our rationale in Anderson and Young in holding that Wimberly’s custodial statement was improperly admitted in evidence because Wimberly was not informed that he had a right to communicate with his parent or guardian, as provided in Rule 11(B), Ala. R. Juv. P.”
Based on our holding in Wimberly, we also reject the State’s arguments in this case.
Nevertheless, citing Act No. 2000-214, Ala. Acts.2000, the State argues that the Legislature has clearly rejected this court’s interpretation of § 12-15-34.1, Ala. Code 1975, .in Anderson. Act No. 2000-214, Ala. Acts 2000, provides, in pertinent part:
“BE IT RESOLVED BY THE LEGISLATURE OF ALABAMA, BOTH HOUSES THEREOF CONCURRING, That, in passing Act 94-481, it was the intent of the Legislature to bar. the persons therein described from all of the benefits, rights, privileges, and protections of the rules relating to juvenile justice and the juvenile justice system and to require that they be treated as adults for all purposes when they are lawfully arrested, whether pursuant to an arrest warrant or otherwise, or are otherwise accused or charged with any of the crimes set out in the act.”
(Emphasis added.) However, the appellee in this case had not been arrested, accused; or otherwise charged with the first-degree robbery of the Domino’s Pizza delivery person when the officers questioned him. Therefore, we conclude that the Legislature did not intend to exempt him from the protections afforded by the juvenile justice system.
For the above-stated reasons, we conclude that the trial court properly granted the appellee’s motion to suppress. Accordingly, we affirm the trial court’s order.
AFFIRMED.
McMILLAN,' P.J., and COBB, SHAW, and WISE, JJ., concur.

. Although the suppression hearing also included evidence about another case involving an attempted robbery at Wal Mart, that case is not before this court.