

# Fourth Court of Appeals
## San Antonio, Texas

### DISSENTING OPINION

No. 04-17-00058-CR

David Alexander **ZUNIGA**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 226th Judicial District Court, Bexar County, Texas
Trial Court No. 2016CR4390B
Honorable Sid L. Harle, Judge Presiding

Opinion by:    Rebeca C. Martinez, Justice
Dissenting Opinion by: Sandee Bryan Marion, Chief Justice

Sitting:    Sandee Bryan Marion, Chief Justice
Rebeca C. Martinez, Justice
Luz Elena D. Chapa, Justice

Delivered and Filed:  July 25, 2018

For the following reasons, I respectfully dissent.  In *Nichols v. State*, 954 S.W.2d 83, 85

(Tex. App.—San Antonio 1997, no pet.), this court explained our expectations with regard to an

*Anders* brief stating:

> The brief must demonstrate that counsel has conscientiously examined the record
> and determined that the appeal is so frivolous that the appellant is not entitled to
> counsel on appeal.  A proper *Anders* brief therefore must contain references to the
> record, citations to authority, and legal analysis.

Rarely does this court encounter an *Anders* brief that so thoroughly complies with this court's

expectations as the *Anders* brief filed in the instant case.  After reviewing the *Anders* brief, the pro

se brief, the State's brief, and the record in this appeal, the majority concludes "there are arguable ground(s) for appeal, including whether Zuniga was subjected to custodial interrogation without *Miranda* warnings and whether his statement should have been suppressed under the Texas Family Code or the Texas Code of Criminal Procedure."

Initially, I must note that the case law regarding what constitutes an "arguable" ground for appeal is less than clear. *See In re Schulman*, 252 S.W.3d 403, 409 (Tex. Crim. App. 2008) (requiring appellate court to abate for appointment of new counsel if court determines "plausible grounds for appeal" or "colorable claims for appeal" exist); *Stafford*, 813 S.W.2d at 509 (asserting counsel should file *Anders* brief when the record does not support any reversible grounds and must refer in the *Anders* brief to "anything in the record that might arguably support the appeal," but requiring appellate court to abate for the appointment of new counsel if court finds "legal points arguable on their merits"); *Watson v. State*, No. 04-15-00807-CR, 2017 WL 2260121, at *1 (Tex. App.—San Antonio May 24, 2017, no pet.) (not designated for publication) ("We may determine the appeal is wholly frivolous and issue an opinion explaining that we reviewed the record and found no reversible error, or we may determine that arguable grounds for appeal exist and remand the cause to the trial court so new counsel may be appointed to brief the issues."). Regardless of whether we are to determine whether reversible error exists or whether legal points exist that are arguable on their merits, I disagree that the ground identified by the majority meets either test for the same reasons explained by appointed counsel in his *Anders* brief.

Zuniga was interviewed by Detective Ruben Perez at the Gulf Coast Trade School where he was placed by the Texas Department of Family and Protective Services on March 21, 2016. Daniel Aragon, Zuniga's Child Protective Services' caseworker, testified Zuniga was placed at the school because his mother's parental rights had been terminated and Zuniga did not have a home.

Aragon described the facility as a trade school where individuals go to learn a trade or get a high school diploma. The school is in an open environment, and students move freely between the campus dorms or living quarters to the school premises. The school does not have security guards, only staff and teachers.

Zuniga made incriminating statements during his interview with Detective Perez, and trial counsel filed a motion to suppress. At the suppression hearing, trial counsel first argued Zuniga's statement should be suppressed under section 51.095 of the Texas Family Code which governs the admissibility of statements by a child. As appellate counsel explained in his *Anders* brief, however, the admissibility of Zuniga's statement is not governed by the Texas Family Code because it is undisputed Zuniga was seventeen years old both when the offense was committed and when he was being questioned. *See Ramos v. State*, 961 S.W.2d 637, 639 (Tex. App.—San Antonio 1998, no pet.) ("Because Ramos was seventeen at the time he was being questioned and because he was seventeen on the date [the victim] was murdered, we find that the Texas Code of Criminal Procedure governed the taking of his statement."); *see also Dominguez v. State*, No. 13-10-00493-CR, 2012 WL 3043072, at *11 (Tex. App.—Corpus Christi July 26, 2012, no pet.) (not designated for publication) (holding appellant was not entitled to protections of section 51.095 because he was seventeen when he made his statement).

Second, trial counsel argued Zuniga was in custody when he was interrogated because he was in the custody of Child Protective Services, and his statement was taken in violation of *Miranda*. I disagree that Zuniga's placement by Child Protective Services at the trade school is akin to the incarceration of an inmate. Even if we were to liken Zuniga's placement to an incarcerated inmate, however, the Texas Court of Criminal Appeals has declined to institute a bright-line rule regarding custody when discussing an incarcerated inmate. *See Herrera v. State*,

241 S.W.3d 520, 531 (Tex. Crim. App. 2007). Instead, the court held its "traditional 'custody' analytical framework" applies when an inmate is questioned about an offense other than the offense for which the inmate is incarcerated. *Id*. at 532.

Under the traditional framework, "[w]e evaluate 'custody' on an ad hoc basis, after considering all of the (objective) circumstances and apply the 'reasonable person' standard." *Id*. (internal quotations omitted). "'Two discrete inquiries are essential to the determination [of "custody"]: first, what were the circumstances surrounding the interrogation; and second, given those circumstances, would a reasonable person have felt he or she was not at liberty to terminate the interrogation and leave.'" *Id*. (quoting *Thompson v. Keohane*, 516 U.S. 99, 112 (1995)). "[A]n evaluation of the circumstances surrounding an interrogation in this context should include an examination of … factors [that] include, but are not necessarily limited to:

> • the language used to summon the inmate;
>
> • the physical surroundings of the interrogation;
>
> • the extent to which the inmate is confronted with evidence of his or her guilt;
>
> • the additional pressure exerted to detain the inmate or the change in the surroundings of the inmate which results in an added imposition on the inmate's freedom of movement; and
>
> • the inmate's freedom to leave the scene and the purpose, place, and length of the questioning."

*Id*.

Applying this framework to Zuniga's questioning, the following evidence introduced at the hearing on the motion to suppress and recited in the *Anders* brief establishes Zuniga was not in custody when his statement was made:

> 1. Appellant arrived to the meeting at the school voluntarily and unescorted to a small conference room;

2.   Appellant was neither handcuffed, shackled nor physically restrained in any manner at any point;

3.  Detectives were not uniformed but in plain clothes;

4.  Appellant was given the option to leave the door open or closed;

5.  Appellant was given the option to terminate the interview and leave at any time;

6.  Appellant, according to Detective Perez, was not the focus of his investigation when he spoke with Appellant;

7.  Appellant was not threatened by detectives;

8.  Appellant received no promises from detectives;

9.  Appellant was told he was not under arrest;

10.  The duration of Appellant's interview was less than two hours;

11.   After Appellant's interview was completed detectives left and released Appellant unescorted and free to leave.

In view of the foregoing, I would hold the suppression issue presents neither reversible error nor a legal point arguable on its merits.  Accordingly, I agree with appellate counsel that the appeal is frivolous and without merit.  Because the majority holds to the contrary, I respectfully dissent.

Sandee Bryan Marion, Chief Justice

DO NOT PUBLISH