NUMBERS 13-02-681-CR
                                                          13-02-682-CR
                                                          13-02-683-CR
                                                          13-02-684-CR
                                                          13-02-685-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG 
                                                                                                                      

THE STATE OF TEXAS,                                                             Appellant,

v.

PATRICK AUTHUR WOODBURY,                                              Appellee.
                                                                                                                                      

On appeal from the 377th District Court of Victoria County, Texas.
                                                                                                                      

MEMORANDUM OPINION

Before Justices Yañez, Rodriguez, and Garza
Memorandum Opinion by Justice Yañez
 
          In each of these five cases,


 the State contends in a single issue that the trial court
erred in granting a motion to suppress


 in favor of appellee, Patrick Arthur Woodbury. 
Because the charges arise out of the same incident, and the facts and issues are the same
in each case, we address them in one opinion. We affirm. 
          As this is a memorandum opinion not designated for publication and the parties are
familiar with the facts, we will not recite them here except as necessary to advise the
parties of the Court’s decision and the basic reasons for it. See Tex. R. App. P. 47.4.
Standard of Review
          In reviewing a trial court's ruling on a motion to suppress, we afford almost total
deference to the trial court's determination of the historical facts that the record
supports, especially when the trial court's findings turn on evaluating a witness's
credibility and demeanor. Johnson v. State, 68 S.W.3d 644, 652 (Tex. Crim. App. 2002); 
State v. Ross, 32 S.W.3d 853, 856 (Tex. Crim. App. 2000); Guzman v. State, 955
S.W.2d 85, 89 (Tex. Crim. App. 1997). We afford the same amount of deference to
the trial court's ruling on "application of law to fact questions," also known as "mixed
questions of law and fact," if resolving those ultimate questions turns on evaluating
credibility and demeanor. Johnson, 68 S.W.3d at 652; Ross, 32 S.W.3d at 856;
Guzman, 955 S.W.2d at 89. However, we review de novo questions of law and
"mixed questions of law and fact" that do not turn on an evaluation of credibility and
demeanor. Johnson, 68 S.W.3d at 653; Ross, 32 S.W.3d at 856; Guzman, 955 S.W.2d
at 89. A review of a trial court's ruling on a motion to suppress presents an application of
law to a fact question. Maestas v. State, 987 S.W.2d 59, 62 (Tex. Crim. App. 1999). 
          In a suppression hearing, the trial court is the sole trier of fact and judge of the
credibility of the witnesses and the weight to be given their testimony. See Romero v.
State, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990). The trial court may accept or reject
any or all of any witness's testimony. See Alvarado v. State, 853 S.W.2d 17, 23 (Tex.
Crim. App. 1993); Allridge v. State, 850 S.W.2d 471, 492 (Tex. Crim. App. 1991). The trial
court resolves all conflicts in the testimony. See Hawkins v. State, 853 S.W.2d 598, 600
(Tex. App.–Amarillo 1993, no pet.).
          In this case, the trial judge did not specify his reasons for finding the evidence
inadmissible. Where, as here, no findings of fact are filed by the trial court, "we view the
evidence in the light most favorable to the trial court's ruling and assume that the trial court
made implicit findings of fact that support its ruling as long as those findings are supported
by the record." Ross, 32 S.W.3d at 855; see Carmouche v. State, 10 S.W.3d 323, 328
(Tex. Crim. App. 2000). In considering a trial court’s ruling on a motion to suppress, an
appellate court must uphold the trial court’s ruling if it is reasonably supported by the record
and is correct under any theory of law applicable to the case. State v. Steelman, 93
S.W.3d 102, 107 (Tex. Crim. App. 2002). 
Applicable Law
          A protective sweep is a quick and limited search of premises incident to an arrest and
conducted to protect the safety of police officers or others. Maryland v. Buie, 494 U.S. 325,
328 (1990); Reasor v. State, 12 S.W.3d 813, 815 (Tex. Crim. App. 2000). In Buie, the
United States Supreme Court found that while a defendant has a legitimate privacy interest
in his home, a police officer also has a strong interest in ensuring that the house in which
a suspect is arrested does not contain other persons who are dangerous and who could
unexpectedly launch an attack. Buie, 494 U.S. at 333. The Supreme Court determined that
a warrant was not required when officers, as a precautionary matter, were looking in areas
from which an attack could be immediately launched. Id. at 334. The Fourth Amendment
permits a properly limited protective sweep in conjunction with an in-home arrest when the
searching officer possesses a reasonable belief based on specific and articulable facts that
the area to be swept harbors an individual posing a danger on the arrest scene. Id. at 337;
Reasor, 12 S.W.3d at 816. The sweep must not rise to a full search of the premises and
may only extend to a cursory inspection of those spaces where a person may be found and
last only long enough to dispel the reasonable suspicion of danger. Buie, 494 U.S. at 335. 
          In his motion to suppress, appellee argued the motion should be granted because:
(1) the officers’ entry into the house was illegal because he did not reside at the residence
where he was arrested, and although the police had an arrest warrant, they had no search
warrant;


 and (2) after he was arrested and handcuffed, the police conducted an illegal
search of the residence. 
          Although the State filed a request for findings of fact and conclusions of law, no such
findings and conclusions appear in the record. 
            At the conclusion of the suppression hearing, the trial court made the following
statements:
[Court]: The Court has a concern. The State has a burden on specific and
articulable facts. 
. . . .
 
[Court]: The Court does have a concern, as I have indicated, regarding the
protective sweep issue, regarding whether there was testimony establishing
particular and articulable facts that would establish — or facts that would
establish that.           Because the trial court focused its concern on the protective sweep issue, we begin
by addressing it. The following testimony was adduced at the hearing. 
          Police officer Tom Copeland testified that in the course of investigating a recent
narcotics homicide, he wished to question appellee. He also testified that following a
narcotics-related murder, persons involved in narcotics become “more protective,” that 
more than one person is usually present when narcotics are sold, and that firearms are
frequently involved. Copeland testified the police “didn’t know how many people were
inside.” He further testified that he suggested that two of the other officers, Detective
Huber and Officer Brandi Huber, conduct a protective sweep. Copeland testified that from
his position near the front door of the residence, he smelled a strong odor of marijuana. 
He also testified that officers can conduct a protective sweep “any time you go into a
house, whether you are going to arrest them or not.” Copeland identified the specific
articulable facts justifying the protective sweep as: (1) appellee had not opened the door;
(2) the investigation of the narcotics-related murder; (3) information appellee had a
handgun; and (4) a belief appellee was involved in drug-trafficking. Copeland testified that
he had no evidence or specific facts that there were other people in the house at the time
of the arrest. On cross-examination, Copeland testified that his report identified three
officers who conducted the protective sweep; however, another officer’s report identified
two different officers as conducting the protective sweep. 
          Officer Erica Padilla testified that she believed there was a possibility of threat or
harm in the house based on her knowledge that appellee was involved in narcotics. Officer
Gabriel Huber testified he thought the protective sweep was necessary for the officers’
safety. He also testified he did not smell marijuana until he conducted the protective
sweep. Huber listed the factors justifying the protective sweep as knowledge appellee was
involved in narcotics and that he was possibly armed. Officer Brandi Huber testified that
she and Detective Huber made the decision to conduct the protective sweep. When asked
what information she had that made her believe someone else might be in the house,
Huber replied, “[w]ell, you’re trained. You don’t ever know and you always make sure.” 
She testified that she “normally, routinely” conducts a protective sweep when involved in
such entries. Officer Rick Ford testified that he instructed Detective Huber to conduct the
sweep based on appellee’s failure to answer the door and the knowledge he was involved
in narcotics. 
          Anjali Borgohain, appellee’s girlfriend, testified for appellee. She testified that
appellee is the father of her infant and that he takes care of the child at her house while
she works. She testified appellee spends the night at her home one to three times a week,
but does not live there. Appellee’s mother similarly testified that appellee lives with her
across the street from Borgohain’s house. 
          After granting the motion to suppress, the trial court noted, “[t]he State failed to
prove that the protective sweep met the requirements, failed to establish the facts
necessary — the grounds upon which the Court granted the suppression, the protective
sweep issue, . . .” 
          We hold that the trial court did not abuse its discretion in determining that the police
failed to establish that the sweep was “justified by a reasonable, articulabe suspicion that
the house [was] harboring a person posing a danger to those on the arrest scene.” See
Reasor, 12 S.W.3d at 816 (quoting Buie, 494 U.S. at 336). 
          We affirm the trial court’s order granting appellee’s motion to suppress.
 
                                                                                                                       
                                                               LINDA REYNA YAÑEZ
                                                                           Justice



Do not publish. Tex. R. App. P. 47.2(b).

Memorandum opinion delivered and filed this the
5th day of August, 2004.